IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LEROY DEXTER, JR,

      Petitioner,

v.                                CASE NO. 1:13-cv-225-MP-GRJ

SECRETARY, DEP'T
OF CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on ECF No. 1, Petitioner's *pro se*
Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The
Petition stems from Petitioner's Levy County conviction pursuant to a nolo
contendere plea for aggravated battery with a deadly weapon, for which he
was sentenced to 15 years' imprisonment. In his Petition, Petitioner asserts
twelve grounds of ineffective assistance of trial counsel. (ECF No. 1.)
Respondent filed a response and appendix with relevant portions of the
state-court record, arguing that the Petition should be denied because his
claims are unexhausted, procedurally defaulted, and without merit. (ECF
No. 16.) Petitioner has not filed a reply and the time for doing so has

passed. The Petition is therefore ripe for review. Upon due consideration of the Petition, the response, and the state-court record, the undersigned recommends that the Petition be denied.[1]

## State-Court Proceedings

Petitioner was charged in case number 38-2009-CF-000592-A with one count of aggravated battery with attempted first-degree murder in violation of Fla. Stat. §§ 777.04, 782.04(1)(a). (ECF No. 16-1 at 42.)[2] If convicted, Petitioner would be sentenced as a violent career criminal and therefore faced mandatory life imprisonment. (*Id.* at 354.) Petitioner initially proceeded to jury trial but decided to enter a negotiated plea on May 26, 2010, after the State presented its fourth of at least ten witnesses. (*Id.* at 349–50.) Pursuant to the negotiated plea Petitioner faced a minimum mandatory of fifteen years' imprisonment as a prison releasee reoffender ("PRR"). (*Id.* at 364.)

The negotiated plea petition that Petitioner signed initially listed the charge of attempted voluntary manslaughter in violation of Fla. Stat. §

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

[2] Because the page numbers throughout the exhibits (ECF Nos. 10-1, 10-2, 10-3, 10-4, 11-1, 11-2, and 11-3) are inconsistent, the page numbers for the exhibits to which the Court cites refer to the ECF page numbers at the top of the page.

782.07, a second-degree felony.  (*Id.* at 56–60.) On the petition, Petitioner

initialed next to the paragraphs stating "I believe that my lawyer is fully

informed on all matters. S/he has properly investigated all witnesses

(including alibi witnesses), defenses available to me, and motions

appropriate to file on my behalf," and "[b]ecause I wish to accept the

State's plea offer, at my request and with my agreement, my lawyer has

not fully investigated my case nor talked to all of the witnesses." (*Id.* at 56.)

Petitioner also initialed next to the paragraph stating the following:

> My lawyer has advised me of considerations bearing on the
> choice of which plea to enter, and the advantages and
> disadvantages of such plea, and the likely results thereof, as
> well as possible alternatives available to me. The PLEA
> AGREEMENT contained on Page 4 was concluded by me and
> my attorney with my full and complete consent and agreement.
> I fully agree with the efforts of my attorney and to the terms of
> the plea agreement. I BELIEVE THAT MY LAWYER HAS
> DONE ALL THAT A COMPETENT ATTORNEY COULD DO
> TO COUNSEL AND ASSIST ME. I AM SATISFIED WITH THE
> ADVICE AND HELP S/HE HAS GIVEN ME. Even though I
> have been assisted and advised by my lawyer, the decision to
> plead guilty/nolo contendere is mine alone and is made by me
> after considering the advice and counsel of my lawyer.

(*Id.* at 57) (emphasis in original). Petitioner further asserted during the plea

colloquy that he was satisfied with trial counsel Michael Bryant's

representation:

> Mr. Bryant: You've been represented by me, Michael
> Bryant, in this case. Have you had sufficient time to talk with

me about the facts and circumstances of your case, and have
we gone over any possible defenses that you may have in this
case?

   The Defendant: Yes.
   Mr. Bryant: Are you satisfied with the advice and
representation I've given you in this matter so far?
   The Defendant: Yes.

(*Id.* at 351.)

Petitioner also explained during the plea colloquy that his decision to

enter a plea was two-fold: (1) he did not expect the State to present so

many witnesses; and (2) the negotiated plea sentence would possibly allow

him to be released from prison one day while his mother was still alive:

   The Court: I just want to make sure that there's not
something else going on in your head that makes you reluctant,
or your reluctance is just, hey, who wants to take on 15 years.
Is there something else going on in your head?
   The Defendant: There's a lot going on in my head right
now because at the time, I didn't know that all these witnesses
was coming into my court.
   The Court: You're getting off the point terribly. Is
something else going on besides the displeasure of serving 15
years? Has somebody said something to you or –
   The Defendant: Okay. I got you more clearly now. Yes,
sir.
   The Court: Do you have another motive for doing this
other than –
   The Defendant: Yes.
   The Court: – I don't want to do 15 years –
   The Defendant: Yes. Yes.
   The Court: – or is it just the 15 years?
   The Defendant: No, sir. It's not – No, sir. It ain't the 15
years. That's for sure.

The Court: What is it then? If there's something else let's say it now rather than –

The Defendant: It's my mother. She's 65 years old. And she say, Baby, take the plea, I mean. And, to me, that's crushing me because –

The Court: But just a moment, now. You certainly would like her to tell you what she feels, right?

The Defendant: Yes, sir, I do. I respect that.

The Court: All right. But do you understand that it's your choice?

The Defendant: Yeah. But that's my mother, too, and, hopefully, I just pray that one day I'll be home with my mother and she live for 15 more years, and I live 15 more years. I mean –

The Court: But let's get to it.

The Defendant: I know. I understand.

The Court: You're thinking clearly. It's a hard decision, but it's the one you want; is that right?

The Defendant: I'm going to just get it – Yes, sir. I'm just going to get it over with, yes, sir.

(*Id.* at 355–57.) The Court subsequently accepted Petitioner's plea. (*Id.* at 358.)

Before Petitioner was adjudicated guilty, however, the State advised that attempted voluntary manslaughter is a third-degree felony and that the information did not allege Fla. Stat. § 787.01; thus, Petitioner could not be sentenced to 15 years' imprisonment as agreed. (*Id.* at 360.) The State explained to the Court that the essence of the negotiation was not the degree of the crime, but instead the 15-years' imprisonment. (*Id.* at 360–61.) After discussion, the State proffered that it could amend the

information to charge aggravated battery with a deadly weapon, a second-degree felony. (*Id.* at 363–64.) Mr. Bryant ensured that Petitioner understood what was happening:

> Mr. Bryant: Mr. Dexter, you understood what the State was saying, in that they would amend the charge to an aggravated battery with a deadly weapon, which is a second degree felony, along with the stipulation to the PRR status, which would allow for the negotiated sentence of 15 years day for day, minimum mandatory.
> The Defendant: Yes.
> Mr. Bryant: And are you in agreement with the State doing the ore tenus motion, meaning orally amending the information, and they will follow it up later today with a written information charging you with that – with aggravated battery with a deadly weapon?
> The Defendant: Yes, sir.

(*Id.* at 364.) The plea petition was then edited by crossing out "attempted involuntary manslaughter" and adding the crime of aggravated battery with a deadly weapon, in violation of Fla. Stat. § 784.045, a second-degree felony. (*Id.* at 56, 364–65.) The Court stated that the revision allows the sentence to be legal and that the factual basis was "certainly there for that charge." (*Id.* at 365.)

The Court then adjudicated Petitioner guilty of aggravated battery with a deadly weapon and sentenced him to 15 years' imprisonment, with a 15-year mandatory minimum sentence as a PRR, with 278 days credit for time-served. (*Id.* at 66–71, 368.) As agreed, later that day the State filed

the amended information charging Petitioner with aggravated battery with a deadly weapon in violation of Fla. Stat. § 784.045(1)(a)(2). (*Id.* at 55.)

Petitioner subsequently appealed to the First District Court of Appeal ("First DCA"). (*Id.* at 388–94.) After counsel filed an *Anders* brief, the First DCA per curiam affirmed Petitioner's judgment and sentence on May 11, 2011. (*Id.* at 375–79, 403.) The mandate followed on June 7, 2011. (*Id.* at 405.)

On August 28, 2011, Petitioner filed a motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800(a). (*Id.* at 416–22.) The trial court denied Petitioner's motion on April 19, 2012. (ECF No. 16-2 at 2–4.) Petitioner appealed the trial court's denial to the First DCA on April 24, 2012. (*Id.* at 87.) The First DCA per curiam affirmed without written opinion on August 1, 2012. (*Id.* at 90.) Petitioner sought rehearing on August 16, 2012. (*Id.* at 92–93.) The First DCA denied the motion for rehearing on September 20, 2012, and the mandate issued on October 9, 2012. (*Id.* at 95–97.)

In the meantime, on March 8, 2012, Petitioner also filed a motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850. (ECF No. 16-1 at 425–68.) The motion presented seventeen grounds for relief all based on ineffective assistance of trial counsel. (*Id.*) On April 23, 2012, the trial court

issued a non-final order on the motion denying some of the claims on the merits and dismissing some of the claims without prejudice for amendment. (ECF No. 16-2 at 34–42.)

Petitioner filed an amended motion for post conviction relief on July 25, 2012. (ECF No. 16-3 at 148–66.) After thoroughly setting forth the relevant standard for ineffective assistance of counsel claims pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court summarily denied the amended motion for post conviction relief and attached various records supporting its decision. (ECF No. 16-2 at 114–22.) Petitioner filed a motion for rehearing, which the trial court denied on March 14, 2013. (ECF No. 16-3 at 16–32.) Petitioner appealed to the First DCA (*Id.* at 171–222.) The First DCA per curiam affirmed without written opinion on September 10, 2013, and the mandate followed on October 8, 2013. (ECF No. 16-4 at 6–8.)

Petitioner subsequently filed the instant petition for writ of habeas corpus on November 7, 2013. (ECF No. 1.)

## Scope of Federal Habeas Review

The role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited. *Williams v. Taylor*, 529 U.S. 362, 403-04 (2000). Under section 2254(a), federal courts "shall

entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Additionally, federal courts must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed. 2d 385 (1991); *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983).

Moreover, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 120-21, 102 S.Ct. 1558, 1568, 71 L.Ed.2d 783 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). A federal writ of habeas corpus is only available in cases of federal constitutional error. *See Jones v. Goodwin,* 982 F.2d 464, 471 (11th Cir.1993); *Krasnow v. Navarro,* 909 F.2d 451, 452 (11th Cir.1990). The limitation on federal habeas review

applies with equal force when a petition, which truly involves only state law issues, is "couched" in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence—which is also constitutionally protected—and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not

attempt to divine the lawyer's mental processes underlying the strategy."

*Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en

banc). "No lawyer can be expected to have considered all of the ways [to

provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on.  The lawyer's strategy was course A.  And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that

counsel's unreasonable conduct might have had "some conceivable effect

on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a

defendant must show a "reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been

different." *Id*. at 694. A "reasonable probability is defined as a probability

sufficient to undermine confidence in the outcome." *Id*.

When the state courts have denied an ineffective assistance of

counsel claim on the merits, the standard a petitioner must meet to obtain

federal habeas relief is a difficult one. *Harrington*, 562 U.S. at 102. The

standard is not whether an error was committed, but whether the state

court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1). As the Supreme Court explained, error alone is not enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington*, 562 U.S. at 100 (quotation marks omitted). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 102.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated the other way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may relief be granted. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 105. When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.

## Discussion

### Ground One: Ineffective assistance of counsel for failing to object and investigate

Petitioner contends that trial counsel was deficient for failing to object to and investigate (1) the admissibility of the alleged weapon without proof of chain of custody, and (2) the conflicting testimony between state witness Hudson and the alleged victim. He says trial counsel failed to adequately investigate the weapon and conflicting testimony and that a motion to suppress the weapon likely would have been granted but for counsel's errors. He further asserts that had trial counsel properly investigated and objected he would not have entered a plea and would have instead

continued with his trial.

Petitioner presented this claim to the state court in his motion for post conviction relief. The state court denied the claim on the merits because during the plea colloquy Petitioner testified that he was satisfied with counsel's advice and representation, as well as his decision to enter a plea. (ECF No. 16-2 at 116.) Petitioner also did not express any concern regarding counsel's representation or the plea itself at the time. (*Id.*) The state court found that Petitioner "cannot now assert that at the time of the plea's entry he had serious doubts about his attorney's effectiveness." (*Id.*) (citing *Davis v. State*, 938 So. 2d 555, 557 (Fla. 1st DCA 2006) ("An appellant is not entitled to go behind sworn representations made to the court in a postconviction proceeding")).

Because the state court denied this claim on the merits, Petitioner must show that the state court's decision was contrary to or an unreasonable application of federal law. *See* §2254(d)(1). The state court clearly applied *Strickland* to Petitioner's claim so Petitioner must show that the state court's decision was an unreasonable application of federal law. He cannot meet this heavy burden.

Trial counsel said at the May 19, 2010 status conference that he was planning on moving in limine to exclude the knife and the State responded

that it did not know yet whether it would introduce the knife at trial because there were issues in regard to chain of custody. (ECF No. 16-1 at 105–06.) Then at trial during a bench conference after the State called witness Chester Hudson, trial counsel raised the evidentiary issue regarding the knife. (*Id.* at 331–32) The State advised that it was "not going to attempt to introduce [the knife] at any time during this trial." (*Id.*) Thus, it is clear from this record that (1) trial counsel did indeed raise the issue of admissibility, and (2) the knife was not proffered into evidence at trial. Petitioner cannot show that counsel was deficient for failing to do something where counsel did exactly that. Nor can Petitioner show that he was prejudiced by counsel's failure to challenge evidence that the State never used.

Petitioner also cannot demonstrate that he was prejudiced by counsel's performance. Petitioner asserts that but for counsel's errors, a motion to suppress the weapon would have been granted. This argument makes no sense because the State never attempted to introduce the weapon into evidence. Thus, a motion to suppress was irrelevant. Likewise, to the extent Petitioner claims that but for counsel's failure to investigate and object to the admissibility of the knife he would not have entered a plea, this argument fails for the same reason—the knife was not admitted into evidence.

Moreover, because Petitioner entered a plea, to satisfy the prejudice requirement he must show that there is a reasonable probability that but for counsel's errors he would not have pled and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). When Petitioner entered his plea he never sais that he was unhappy with anything that counsel did or allegedly failed to do. Instead, Petitioner was rather clear that his decision to enter a plea was based on two things: (1) he did not expect the State to present as many witnesses as it did; and (2) the negotiated plea sentence would possibly allow him to be released from prison one day while his mother was still alive. The representations made by Petitioner during the plea colloquy carry a strong presumption of verity. *See Blackledge v. Allison*, 431 U.s. 63, 73–74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."). Thus, even if counsel had rendered deficient performance—which he did not—Petitioner would not have been prejudiced.

Accordingly, the state court's adjudication of this claim was not contrary to or an unreasonable application of clearly established Supreme

Court precedent. This claim is due to be denied.

### *Ground Two: Ineffective assistance of counsel for failing to seek a Richardson hearing*

In ground two, Petitioner claims trial counsel was ineffective for failing to seek a *Richardson* hearing based on the inconsistencies in the testimony of the State's witnesses. Petitioner says a notice was sent to the trial judge admitting that a due process violation occurred during discovery but that counsel never moved for a *Richardson* hearing. Petitioner asserts that the testimony of the State's witnesses differed from prior statements and that if he had known of the inconsistencies he would have proceeded with trial. Respondent argues that this claim is unexhausted, procedurally defaulted, and without merit.

Despite Respondent's assertion, this claim is properly exhausted and therefore not procedurally defaulted. Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. §§ 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."). To exhaust state court remedies, the petitioner must fairly present the federal

claims to the state court in order to give the State the opportunity to pass upon and correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). Failure to exhaust state remedies may result in the claim being procedurally defaulted. *Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir. 1983).

Although respondent argues that Petitioner never asserted any claim that counsel was ineffective for failing to seek a *Richardson* hearing on appeal to the First DCA, Petitioner's appellate brief specifically presented this claim as a subground of ground one: "Defense counsel rendered ineffective assistance of counsel where trial counsel failed to request a timely Richardson Hearing regarding the evidence the State failed to disclose pursuant to Florida Rules of Criminal Procedure. But for counsel's professional errors, there is a reasonable probability that the outcome would have been different." (ECF No. 16-3 at 172.) While the substance of his ground one argument does not specifically discuss the *Richardson* hearing, Petitioner, nonetheless, asserted that trial counsel failed "to conduct a meaningful pretrial investigation," thereby causing Petitioner to be "deprived of the opportunity to subject the State's case to adversarial testing." (*Id.* at 188.) A petitioner must "present his claims to the state court 'such that a reasonable reader would understand each claim's particular

legal basis and specific factual foundation.'" *French v. Warden, Wilcox State Prison*, 790 F.3d 1259, 1270–71 (11th Cir. 2015) (quoting *Kelley v. Sec'y Dep't of Corrections*, 377 F.3d 1317, 1344–45 (11th Cir. 2004)). Surely Petitioner did so here by clearly asserting his claim as a subground for relief. *See Kelley*, 377 F.3d at 1345 ("The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined."); *Picard v. Connor*, 404 U.S. 270, 277 (1971) (the state court must be afforded "the opportunity to apply controlling legal principles to the facts bearing upon [the] constitutional claim").

More importantly, however, Petitioner was not required to present this issue in his appellate brief to properly exhaust. "Florida Rule of Appellate Procedure 9.141(b)(2)(C) provides that, in an appeal from the summary denial of a Rule 3.850 motion without an evidentiary hearing, 'no briefs or oral argument shall be required.'" *Darity v. Sec'y, Dep't of Corrections*, 244 F. App'x 982, 984 (11th Cir. 2007) (quoting Fla. R. App. P. 9.141(b)(2)(C)). "As such, a petitioner who does file a brief in an appeal of the summary denial of a Rule 3.850 motion does not waive any issues not addressed in the brief." *Id.* (citing *Webb v. State*, 757 So. 2d 608, 609 (Fla. Dist. Ct. App. 2000) (holding that a claim in a rule 3.850 motion had not been waived by the appellant's failure to argue it in his initial brief

because the motion had been denied without an evidentiary hearing)).

In this case, Petitioner presented the issue in his amended motion under Rule 3.850 and the state trial court summarily denied his amended motion without an evidentiary hearing. Thus, even if Petitioner had not presented this claim in his brief appealing the state trial court's summary denial, Petitioner nonetheless exhausted his state remedies. *See id.* (holding that "regardless of whether or how [the petitioner] identified his claims to the state appellate court, he did exhaust his state remedies prior to filing the instant § 2254 petition" because he presented the claims in his original state postconviction motion). And, because Petitioner exhausted this claim, his claim is also not procedurally defaulted. *See id.* (concluding that because the claims were exhausted, they were not procedurally barred).

Nonetheless, Petitioner's claim is without merit because Petitioner cannot show that the state court's denial was contrary to or an unreasonable application of *Strickland*. The state court found that based on *Strickland*, this claim was without merit and the First DCA affirmed. (ECF No. 16-2 at 116; ECF No. 16-4 at 6.) Thus, the state court determined that Mr. Bryant was not ineffective for failing to request a *Richardson* hearing. In other words, that Mr. Bryant's performance was not deficient and

prejudicial. This determination is entitled to double deference.

Nothing suggests that the state court's application of *Strickland* was unreasonable. "A *Richardson* hearing is held to determine whether the State committed a discovery violation in contravention of the Florida Rules of Criminal Procedure and, if so, whether the non-compliance resulted in prejudice to the defendant's ability to prepare for trial." *Cisneros v. McNeil*, No. 8:05-cv-762-T-27TGW, 2008 WL 1836368, at *5 n.4 (M.D. Fla. Apr. 23, 2008) (citing *Richardson v. State*, 246 So. 2d 771, 775 (Fla. 1971)). Notably, nothing in the record—including the trial court docket—evidences that the State filed a notice on May 20, 2010 regarding discovery as Petitioner asserts other than in his motions. (ECF No. 16-1 at 6.)

Moreover, Petitioner entered his plea for different reasons according to his testimony under oath during the plea colloquy. He also testified that he was satisfied with Mr. Bryant's performance and signed the plea petition indicating such. Petitioner therefore cannot demonstrate that even if Mr. Bryant had rendered deficient performance that Petitioner was somehow prejudiced by the performance. This claim is without merit and due to be denied.

## *Ground Three: Ineffective assistance of counsel for failing to raise a Brady violation*

Ground three asserts that Mr. Bryant was ineffective for failing to raise a *Brady*[3] violation regarding nine specific items of exculpatory evidence that the State withheld. Petitioner claims that had Mr. Bryant raised a *Brady* violation there is a reasonable probability that he would have continued with his trial. Respondent contends, however, that this claim is unexhausted, procedurally defaulted, and lacks merit.

Like ground two, despite Respondent's assertion, this claim is exhausted and, therefore, not procedurally defaulted. Petitioner's amended motion for post conviction relief presented this issue as subground C of ground one. (ECF No. 16-3 at 153–56.) He appealed the summary denial and was therefore not required to present the issue in his appellate brief. This claim is exhausted and consequently not procedurally defaulted.

Turning to the merits, however, Petitioner has not demonstrated that the state court's determination was unreasonable. Petitioner testified that his decision to enter a plea was based on the number of witnesses the state called and the hope to get out of prison while his mother was still

---

[3] In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Supreme Court held that the suppression of evidence favorable to the defendant by the prosecution upon request violates due process.

alive. Petitioner testified that he was pleased with how Mr. Bryant

represented him and initialed next to the paragraph on the plea petition

acknowledging that he believed Mr. Bryant did all that a competent

attorney could do and that he was satisfied with Mr. Bryant's advice and

help. Thus, Petitioner admitted that Mr. Bryant's performance was neither

deficient nor prejudicial.

Moreover, although Petitioner lists nine pieces of evidence that the

State allegedly withheld, Petitioner has failed to establish that a *Brady*

violation occurred.

> In order to establish a *Brady* violation, a defendant must prove:
> (1) that the government possessed evidence favorable to the
> defense, (2) that the defendant did not possess the evidence
> and could not obtain it with any reasonable diligence, (3) that
> the prosecution suppressed the evidence, and (4) that a
> reasonable probability exists that the outcome of the
> proceeding would have been different had the evidence been
> disclosed to the defense.

*United States v. Schier*, 438 F.3d 1104, 1106 n.1 (11th Cir. 2006) (citing

*Moon v. Head*, 285 F.3d 1301, 1308 (11th Cir. 2002)). Petitioner has failed

to prove that the documents were in fact withheld, that he—or Mr.

Bryant—did not already possess the documents or could have obtain the

documents through reasonable diligence, or that there is a reasonable

probability that he would not have entered a plea had the evidence been

disclosed. In short, Petitioner has wholly failed to prove that a *Brady*

violation occurred. Counsel, therefore, cannot be deemed ineffective for

failing to raise a *Brady* violation. Accordingly, ground three does not

warrant habeas relief.

### Ground Four: Ineffective assistance of counsel for conceding to Petitioner's guilt without investigating the circumstances of the plea

Ground four alleges that trial counsel was ineffective for conceding to

Petitioner's guilt, for failing to investigate the circumstances of the plea,

and for failing to advise Petitioner of the charge to which he was pleading.

Petitioner claims that trial counsel misled Petitioner by advising him that he

was pleading to attempted voluntary manslaughter, a third-degree offense,

which Petitioner says is a non-existent offense. Had Petitioner known what

he was pleading to, there is a reasonable probability that he would have

continued with his trial. Respondent argues that this claim is unexhausted,

procedurally defaulted, and without merit.

Although not verbatim, this appears to be a combination of grounds

two and four of his post conviction motion, both of which asserted

ineffective assistance of counsel claims. Specifically, ground two asserted

that although trial counsel advised Petitioner he was pleading to attempted

voluntary manslaughter and advised Petitioner of the requisite elements,

the amended information charged Petitioner with aggravated battery with a deadly weapon—the charge Petitioner ultimately pled to. (ECF No. 16-3 at 157–59.) Ground four asserted that trial counsel was ineffective for conceding to Petitioner's guilt at trial. (ECF No. 16-1 at 450–51.)[4] Petitioner's claim under ground four here consists of all the same complaints. Thus, he has fairly presented this claim to the state court. And as discussed, as long as he presented the claim to the state trial court he has properly exhausted. This claim is, therefore, also not procedurally defaulted.

The Court agrees with Respondent, however, that this claim lacks merit. The state trial court specifically found that under both grounds two and four, Petitioner failed to show either error by counsel or manifest injustice. (ECF No. 16-2 at 117.) Similarly here, Petitioner has failed to show that the state court's determination was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Burt v. Titlow,* 134 S. Ct. 10, 15 (2013). During the plea

---

[4] Petitioner presented this claim in his original Rule 3.850 motion. The state trial court denied this claim on the merits in its non-final order on motion for post-conviction relief. (ECF No. 16-3 at 99.) Accordingly, Petitioner's amended motion did not present this claim. The trial court's final order denying the motion, however, addressed all of his claims, including those that were already denied and not permitted to be amended. (ECF No. 16-2 at 117.)

colloquy, Petitioner was clearly advised that he was pleading to a second-degree felony. (ECF No. 16-1 at 358.) In addition, before Petitioner was adjudicated guilty, he agreed to change the offense to aggravated battery with a deadly weapon—a second-degree felony. And to the extent Petitioner argues counsel misadvised Petitioner that he was pleading to something that was a non-existent offense, Petitioner is wrong. Attempted voluntary manslaughter is a crime under Florida law. *Taylor v. State*, 444 So. 2d 931, 933 (Fla. 2013); *see also Williams v. State*, 41 Fla. 295 (Fla. 1899) (explaining that for a conviction of assault with intent to commit manslaughter, there must be proof that the defendant intended to kill).

Moreover, the parties represented on the record that the essence of the negotiated plea was the fifteen years' imprisonment, not the charge or the degree. The judge further informed Petitioner that there was certainly a factual basis for aggravated battery with a deadly weapon. And as the trial court noted in its summary denial, Petitioner did not then, nor does he now, raise any factual matter of which he was unaware prior to entering his plea. (ECF No. 16-2 at 117.)

It is clear from this record that despite the offense revision, Petitioner knew and agreed to plead to the offense of aggravated battery with a deadly weapon, a second-degree felony, and faced fifteen years'

imprisonment. Even if counsel's performance was somehow deficient—which it was not—Petitioner has not shown that he was somehow prejudiced or that there is a reasonable probability Petitioner would have continued with his trial.

Petitioner has also failed to demonstrate that the state court's determination was unreasonable regarding his claim that Mr. Bryant conceded Petitioner's guilt at trial. Petitioner has not pointed to any place in the record to substantiate this claim, nor can the Court find one. Mr. Bryant deferred his opening statement until the defense case—thus, Mr. Bryant did not even make an opening statement.  And even though not required to cross-examine each witness, Mr. Bryant nonetheless did so. Then, after the State presented four witnesses, Petitioner chose to enter a negotiated plea. None of this demonstrates deficient performance by Mr. Bryant. Without deficient performance there can be no prejudice. This claim is, therefore, due to be denied.

### Ground Five: Ineffective assistance of counsel for failing to inform Petitioner that the State charged him with a non-existent crime and of the State's burden of proof regarding intent

Petitioner essentially advances two claims here: (1) Mr. Bryant failed to inform Petitioner that he was charged with a non-existent offense under Florida law; and (2) Mr. Bryant failed to inform Petitioner that had he

continued with his trial, the State would have to prove that he intended to kill the victim to convict Petitioner of attempted first degree premeditated murder. Respondent argues that this claim is without merit.

First, it is unclear what offense Petitioner claims is "non-existent" under Florida law. As previously discussed, attempted involuntary manslaughter is a crime under Florida law.  As is aggravated battery with a deadly weapon. *See* Fla. Stat. § 784.045 (providing that a person commits aggravated battery by: (1) intentionally or knowingly causing great bodily harm, permanent disability, or permanent disfigurement; (2) using a deadly weapon; or (3) battering a pregnant victim provided the offender knew or should have known that the victim was pregnant at the time of the offense). Likewise, attempted first degree premeditated murder is also a crime under Florida law. *See Torres v. Sec'y, Dep't of Corrections*, 336 F. App'x 924 (11th Cir. 2009) (discussing the difference between first degree felony murder and first degree premeditated murder). Nonetheless, the state court denied Petitioner's claim that he was charged with a non-existent offense on the merits. Nothing suggests that this was unreasonable. It is axiomatic that counsel could not have been deficient for failing to advise Petitioner he was charged with a non-existent crime when Petitioner was not charged with a non-existent crime. Without deficient performance there

can be no prejudicial effect.

To the extent Petitioner claims Mr. Bryant failed to inform Petitioner that the State would have to prove that he intended to kill the victim, the state court determined this to be a "patently ridiculous claim":

> First, Defendant's factual allegation that he did not know that the charge of Attempted First-Degree Murder would require the State to prove that he intended to cause the victim's death is inherently disingenuous. The charge is *attempted murder*. The name of the offense itself indicates that Defendant is accused of attempting to intentionally kill the victim.

(ECF No. 16-2 at 118) (emphasis in original). The state court also explained that there was a factual basis for the charged offense and the amended first-degree murder charge. (*Id.*) Thus, the state court concluded that Petitioner failed to show either error by counsel or manifest injustice. (*Id.*)

Petitioner has not shown that the state court's decision was unreasonable. Whether or not Petitioner knew that to prevail on the attempted first-degree murder charge the State had to prove that Petitioner intended to kill the victim was irrelevant to Petitioner's plea. Petitioner did not plead to attempted first-degree murder—he pled to aggravated assault with a deadly weapon. Petitioner cannot show that his plea to aggravated assault with a deadly weapon was involuntary based on elements to a

crime to which he was not pleading. The state court's determination was not unreasonable and this claim, therefore, does not warrant relief.

### Ground Six: Ineffective assistance of counsel for failing to investigate the facts and law surrounding the case to put forth a viable defense

Petitioner claims that trial counsel was ineffective for failing to investigate and thereby develop a viable defense. He says counsel did not investigate blood samples that were taken from Petitioner's car and a door knob and did not obtain expert testimony from a DNA expert. Respondent argues that this claim is insufficiently pled and meritless.

The state court denied this claim on the merits because in his plea, Defendant admitted to the facts as alleged by the state and because the facts alleged in the sworn compliant and the State's amended information support the existence of the offense to which Petitioner pled. Thus, Petitioner failed to show error or manifest injustice.

The state court's determination was not unreasonable. Petitioner entered a plea to aggravated assault with a deadly weapon. In doing so, he admitted the factual basis for the charge. He testified that he was satisfied with his attorney and what his attorney had done for him. Petitioner fails to demonstrate that any additional investigation would somehow negate his plea.

Moreover, Petitioner has wholly failed to demonstrate how counsel's performance was deficient regarding a defense. "[N]o absolute duty exists to investigate particular facts or a certain line of defense." *Chandler*, 218 F.3d at 1317; *see also Halo v. United States*, No. 06-CV-5041, 2007 WL 1299158, at *13 (E.D.N.Y. Apr. 30, 2007) ("[T]he duty to investigate does not . . . compel defense counsel to investigate comprehensively every lead or possible defense . . . or to scour the globe on the off chance something will turn up."). Petitioner originally proceeded to trial, which logically lends the conclusion that counsel had proposed a viable defense to Petitioner based on investigation with factual evidence to support the defense. Petitioner, however, has failed to identify how any additional investigation would have somehow changed their defense. Thus, the state court's determination was not reasonable. Accordingly, ground six is due to be denied.

### Ground Seven: Ineffective assistance of counsel for failing to object to the State's failure to establish a factual basis for Petitioner's plea

In ground seven Petitioner alleges that Mr. Bryant was ineffective by misleading Petitioner into believing that there was a factual basis for his plea. He says, however, that the basis for the plea was "mere speculation."

Petitioner presented this claim in state court and the state court

denied it on the merits noting, "[t]he record supports the factual basis for the charge of Aggravated Battery with a Deadly Weapon. *See* Arrest Mittimus. For this reason, counsel did not err by failing to object. This claim is without merit." (ECF No. 16-2 at 119.) The Court therefore is required to give double deference to this finding. The question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington*, 562 U.S. at 105.

Under Florida law there are three requirements for taking a guilty plea: (1) the plea must be voluntary; (2) the defendant must understand the nature of the charge and the circumstances of the plea; and (3) there must be a factual basis for the plea. *Williams v. State*, 316 So. 2d 267, 271 (Fla. 1975). The purpose of ensuring that there is a factual basis for the plea "is to avoid a defendant mistakenly entering a plea of guilty to the wrong offense." *Id.* at 272. In doing so, the state court does not pass on the sufficiency of the evidence to support a conviction; instead, it inquires as to the relevant facts to ensure a prima facie basis exists for the charge the defendant is pleading to. *Wright v. State*, 376 So. 2d 236, 238 (Fla. 1st DCA 1979).

> [T]he trial court should have broad discretion in determining the type of procedure to be utilized for the reception of factual information necessary to establish the elements of the offense

for which the defendant has entered a plea of guilty. The circumstances of the case control the nature and extent o the inquiry for this factual information. . . . the court may satisfy itself by statements and admissions made by the defendant, his counsel, and the prosecutor; by factual evidence heard or filed in the cause, i.e., preliminary hearings, motions to suppress, or depositions taken in the cause. Under appropriate circumstances, the presentence investigation report may be used to present this factual information to the trial court. These are not the exclusive means for a trial court to reach a determination. The trial court is free to utilize whatever procedure is best for the particular case before it to ensure that the defendant is entering a plea to the proper offense under the facts of the case. But whatever method is employed, the court should indicate for the record the source of the factual information supporting the plea.

*Williams*, 316 So. 2d at 273.

The elements of aggravated battery with a deadly weapon are: (1) the defendant intentionally touched or struck the victim against his or her will; and (2) in committing the battery, used a deadly weapon. *See* § 784.045; Fla. Std. Jury Instr. (Crim.) 8.4. "A weapon is a 'deadly weapon' if it is used or threatened to be used in a way likely to produce death or great bodily harm." Fla. Std. Jury Instr. (Crim.) 8.4; *see also State v. Nixon*, 295 So. 2d 121, 122 (Fla. 3d DCA 1974) (explaining that a pocket knife can be a deadly weapon).

Petitioner has not shown that the state court's decision was unreasonable. According to the arrest report, when the officer arrived the

victim was laying on the ground outside of "Psycos Bar" holding a rag on his wounds. (ECF No. 16-1 at 22.) The victim stated that Petitioner stabbed him. (*Id.*) Witnesses also stated that Petitioner arrived at the bar as a passenger in a vehicle, got out of the car with a knife in his hand, and began chasing the victim around the parking lot. (*Id.* at 23.) Witnesses further stated that Petitioner stabbed the victim once and then tried to stab the victim a second time after the victim fell to the ground. (*Id.*)

In addition, Cheryl Shelton testified at the trial that she saw Petitioner run to the victim and engage in motions like he was punching the victim. (*Id.* at 243–47.) After the victim fell to the ground, Ms. Shelton saw the victim put his feet up to keep Petitioner away while Petitioner was making a swinging motion down with his hand. (*Id.* at 247.) Then Ms. Shelton saw blood coming through the victim's shirt. (*Id.*) The victim told Ms. Shelton he was stabbed. (*Id.* at 248.) Herman McClendon also testified that he saw a knife in Petitioner's hand during the altercation. (*Id.* at 317.)

Surely, based on the information set forth in the arrest report, in addition to the testimony already presented at trial, there was a factual basis to establish that Petitioner intentionally touched or struck the victim against the victim's will, and that in committing the battery, Petitioner used a deadly weapon. Thus, the trial court could be satisfied that Petitioner was

pleading to aggravated battery with a deadly weapon. The trial court asserted this twice during the plea, first stating that aggravated battery with a deadly weapon is "obviously, factually supported by the evidence, probably more so than attempted first degree murder," and then again stating that "the factual basis is certainly there" for the charge. (*Id.* at 363, 365.) Despite Petitioner's assertions, Mr. Bryant did not mislead Petitioner into believing that there was a factual basis for his plea, nor was the basis for the plea "mere speculation." Petitioner has failed to demonstrate how Mr. Bryant rendered deficient performance in this respect.

Moreover, even if counsel's performance was deficient for failing to object because the trial court did not indicate the source of the factual information supporting the plea, Petitioner has not shown that he suffered any prejudice from counsel's failure to object. The trial had already begun and the State already presented four witnesses before Petitioner entered his plea. There was undoubtedly a factual basis for his plea regardless of whether the trial judge specifically stated that the basis included the arrest report and witnesses' trial testimony.

Accordingly, the state court's determination was not unreasonable and is entitled to double deference. Petitioner's claim for relief under ground seven should be denied.

### Ground Eight: Ineffective assistance of counsel for failing to investigate and subpoena various alibi witnesses

In ground eight Petitioner says Mr. Bryant rendered ineffective assistance of counsel for failing to contact alibi and exculpatory witnesses and failing to subpoena the witnesses for trial, including LaShawn Scott, Joyce Jenkins, Randle Ellasion, and Clint Thomas. Petitioner says that as a result of this failure, Mr. Bryant misadvised Petitioner into entering a plea.

The state court denied this claim on the merits. (ECF No. 16-2 at 119.) Petitioner must therefore show that the state court's decision was unreasonable in light of *Strickland*. He has failed to do so.

Petitioner entered a plea, in which he admitted to the facts as alleged. In addition, the evidence that Petitioner claims the alibi and exculpatory witnesses would have provided is irrelevant to his plea. Even if the witnesses had testified—as Petitioner claims they would have—that they did not see Petitioner stab the victim with a knife or weapon and that the victim had a knife, this testimony would not negate the other factual bases for the plea. Moreover, because Petitioner decided to enter a plea well before the defense case these witnesses would not have testified when he entered his plea, nor could he have known for sure as to what they would have testified to later in the trial.

In addition, Mr. Bryant disclosed at the May 19, 2010 status conference that he was planning to call two to three witnesses. It is very likely that these witnesses were some of the witnesses Petitioner asserts should have been subpoenaed. It is also clear from the record prior to opening statements that Mr. Bryant did indeed contact Ms. Scott. (ECF No. 16-1 at 215–21) (discussing that defense failed to disclose Ms. Scott in discovery until that morning and that Ms. Scott may be a rebuttal witness for the defense case).

More importantly, however, Petitioner testified when he entered his plea that he was satisfied with Mr. Bryant's representation and that he and Mr. Bryant had gone over any possible defenses. Similarly, Petitioner testified that the reasons he decided to enter a plea was because he did not expect the State to have so many witnesses and he wanted to have a chance at getting out of prison while his mother is still alive. Petitioner has not demonstrated how these witnesses and their alleged testimony prejudiced the outcome of his case. The trial court was, therefore, not unreasonable in concluding that Mr. Bryant did not render ineffective assistance with respect to investigating and subpoenaing witnesses. Ground eight does not warrant habeas relief.

## *Ground Nine: Ineffective assistance of counsel for failing to object to the amended information*

Petitioner claims Mr. Bryant rendered ineffective assistance of counsel by failing to challenge the language in the amended information. Petitioner says Mr. Bryant should have objected to the language about Petitioner being armed, which subjected Petitioner to PRR enhancement. He says counsel did not inform Petitioner that the State needed to present evidence of a deadly weapon to support the charge in the amended information. Petitioner further asserts that Mr. Bryant should have objected because the State did not prove Petitioner qualifies as a PRR. Respondent contends that this claim is without merit.

This claim appears to be a combination of ground two and ground twelve of Petitioner's Rule 3.850 motion. Ground two asserted that Mr. Bryant rendered ineffective assistance of counsel by failing to adequately apprise Petitioner of the nature and elements of the crime charged in the amended information. (ECF No. 16-3 at 157.) The state court denied the claim on the merits because Petitioner entered a plea, the facts alleged in the sworn complaint and the amended information support the existence of the charged offense, and Petitioner failed to show error by counsel or manifest injustice. (ECF No. 16-2 at 116–17.) Ground twelve asserted Mr.

Bryant failed to object to the language of the information with respect to Petitioner being armed and subject to a PRR enhancement. (ECF No. 16-1 at 461–64.) The state court denied this claim on the merits because Petitioner entered a plea to the charge and because Petitioner stipulated during the plea colloquy that he qualified as a PRR. (ECF No. 16-2 at 120.) The appellate court affirmed both findings. These state court determinations are entitled to double deference. Thus, Petitioner must show that the state court's determinations were unreasonable.

Petitioner has not shown that the state court's determinations were unreasonable under *Strickland*. Petitioner has not shown that counsel's performance was deficient. Petitioner entered a plea to aggravated battery *with a deadly weapon*. In doing so he admitted to the facts as alleged by the State. Petitioner acknowledged on the record that he understood the State was amending the charge in the information to aggravated battery with a deadly weapon. (ECF No. 16-1 at 364.) Petitioner further acknowledged on the record that he was stipulating to the PRR status, which would allow for the negotiated sentence of fifteen years. (*Id.*) Petitioner cannot now assert that counsel should have objected to the amended information's inclusion of language regarding a deadly weapon or a knife or to the State's failure to prove Petitioner qualified as a PRR. Such

an argument by counsel would have been nothing more than frivolous. Plaintiff cannot demonstrate that counsel rendered deficient performance by failing to raise a frivolous argument. *See Chandler*, 218 F.3d at 1315 (to demonstrate deficient performance a petitioner must show that no competent counsel would have taken the action that his counsel did).

Petitioner also has not demonstrated that he suffered prejudice pursuant to *Strickland*. Petitioner was clear about his reasons for entering a plea. Petitioner cannot now say that he would have continued with his trial based on the language of the amended information. Moreover, to the extent Petitioner argues that the State would have had to prove that he used a deadly weapon to convict him of aggravated assault with a deadly weapon, Petitioner's argument misses the mark. Petitioner's trial—had he continued—was not for aggravated assault with a deadly weapon. The State would not have had to prove anything regarding aggravated assault with a deadly weapon because had Petitioner not entered his plea he would have continued his trial for attempted first degree murder. Petitioner has wholly failed to demonstrate that he was prejudiced by the language of the amended information.

Accordingly, counsel did not render insufficient assistant of counsel with respect to the language of the amended information. Ground nine,

therefore, does not warrant habeas relief.

### *Ground Ten: Ineffective assistance of counsel for failing to investigate the State's key witness*

In ground ten Plaintiff claims Mr. Bryant was ineffective because he refused to investigate and depose the State's key witness, Hermon McClendon. Plaintiff says that had Mr. Bryant deposed Mr. McClendon, Mr. Bryant would have learned of Mr. McClendon's prior convictions which could have been used to challenge Mr. McClendon's credibility. Thus, he says he would not have entered a plea and would have continued with is trial. Respondent says this claim is without merit.

Petitioner presented this claim in his Rule 3.850 motion in state court. The state court denied the claim on the merits. (ECF No. 16-2 at 120.) Petitioner has not shown that this determination was unreasonable.

During his plea colloquy, Petitioner testified that he was satisfied with Mr. Bryant's advice and representation. This carries a strong presumption of verity. *See Blackledge*, 431 U.S. at 73–75. Petitioner made no suggestion during his plea colloquy that he was unhappy with Mr. Bryant's investigation regarding Mr. McClendon or any other witness.

Likewise, Petitioner's reasons for entering the plea did not include Mr. Bryant's alleged failure to investigate Mr. McClendon or any other

witness. Petitioner was clear that he was entering the plea because he was

surprised at the number of witnesses the state presented and because he

wanted a chance at getting out of prison while his mother is still alive.

Thus, it is reasonable to conclude that Petitioner would not have continued

with his trial even if Mr. Bryant had deposed Mr. McClendon. Petitioner has

not shown that there is a reasonable probability that the outcome here

would have been different had Mr. Bryant deposed Mr. McClendon. This

claim is, therefore, due to be denied.

### Ground Eleven: Ineffective assistance of counsel for failing to challenge the legal sufficiency of the original and amended information

Petitioner claims that Mr. Bryant was ineffective for failing to

challenge the original and amended information. He says the amended

information did not charge him with intending to inflict great bodily harm,

permanent disability, or permanent disfigurement. He also says that both

the original and amended information wholly omitted the essential element

of sworn witness testimony. Petitioner argues that had Mr. Bryant filed

appropriate motions there is a reasonable possibility that he would have

been acquitted or the outcome would have been different. Respondent

says this claim is without merit.

Petitioner presented the general claim regarding the amended

information's charging language in ground twelve of his state post-conviction motion. The state court denied the claim on the merits. (ECF No. 16-2 at 120.) Petitioner has not shown that the state court's determination was unreasonable.

"Each count of an . . . information on which the defendant is to be tried shall allege the essential facts constituting the offense charged." Fla. R. Crim. P. 3.140(d)(1). "An information is fundamentally defective only where it totally omits an essential element of the crime or is so vague, indistinct or indefinite that the defendant is misled or exposed to double jeopardy." *Delgado v. State*, 43 So. 3d 132, 133 (Fla. 3d DCA 2010) (citing Fla. R. Crim. P. 3.140; *State v. Dilworth*, 397 So. 2d 292 (Fla. 1981); *Bradley v. State*, 971 So. 2d 957 (Fla. 5th DCA 2007)).

Under Florida law, "[a]ggravated battery is an alternative conduct crime. Pursuant to the statute, the State can either prove the defendant, 'intentionally or knowingly caused great bodily harm, permanent disability, or permanent disfigurement,' or 'used a deadly weapon' when he committed the battery." *Stoute v. State*, 915 So. 2d 1245, 1248 (Fla. 4th DCA 2005) (quoting § 784.045(1)(a)).

The amended information charged Petitioner with the second alternative—aggravated battery with a deadly weapon:

> LEROY DEXTER, JR, in Levy County, Florida, on or about
> August 22, 2009, did unlawfully commit a battery upon
> GREGORY ALLEN by actually and intentionally touching or
> striking said person against said person's will, or causing bodily
> harm to GREGORY ALLEN and in the commission of said
> battery did use a deadly weapon, to-wit: a knife, contrary to
> Section 784.045(1)(a)(2), Florida Statutes.

(ECF No. 16-1 at 55.) Contrary to Petitioner's contention, the amended

information did not also need to allege that Petitioner intentionally or

knowingly caused great bodily harm, permanent disability, or permanent

disfigurement.

The amended information also properly cited § 784.045(1)(a)(2), the

deadly weapon provision. (*Id.*) Because the amended information clearly

and properly charged Petitioner only with the appropriate alternative

conduct—use of a deadly weapon—there was no need for Mr. Bryant to

challenge the amended information. Thus, Mr. Bryant did not render

deficient performance, nor could Petitioner have been prejudiced by such.

Petitioner has wholly failed to demonstrate that the state court's

determination was unreasonable.

With respect to Petitioner's claim that Mr. Bryant was ineffective for

not challenging the lack of sworn witness testimony in either the original or

amended information, Petitioner did not present this issue in state court.

Thus, the state court did not have an opportunity to pass on the issue and

the claim is, therefore, unexhausted.[5] In addition, because Petitioner

cannot now raise this claim in a Rule 3.850 motion the claim is also

procedurally defaulted.[6]

A procedurally defaulted claim like Petitioner's can support federal

habeas relief in only two narrow situations. First, the petitioner may

demonstrate cause and prejudice for the default. *Mize v. Hall*, 532 F.3d

1184, 1190 (11th Cir. 2008). "'[C]ause' under the cause and prejudice test

must be something external to the petitioner, something that cannot fairly

be attributed to him . . . ." *Coleman v. Thompson*, 501 U.S. 722, 753

(1991). Attorney error that constitutes ineffective assistance of counsel

violative of the Sixth Amendment can render "cause." *Murray v. Carrier*,

477 U.S. 478, 487 (1986). But, an ineffective assistance of counsel claim

must generally be presented to the state courts as an independent claim

before it can be used to establish cause for a procedural default. *Edwards*

*v. Carpenter*, 529 U.S. 446, 452 (2000) (citing *Murray*, 477 U.S. at 489). In

---

[5] Although Respondent does not specifically make this argument in her response, she nonetheless asserted all available procedural bars. (ECF No. 16 at 1.)

[6] A state post-conviction motion must be filed within two years after the judgment and sentence became final. Fla. R. Crim. P. 3.850(b). Petitioner's judgment became final on June 7, 2011, more than two years ago. Although there are several exceptions to the time limitations for filing a 3.850 motion, none would appear to apply in Petitioner's case. *See id.* Thus, Petitioner would be procedurally barred from now asserting this issue in a state post-conviction motion.

such case, unless the prisoner can satisfy the cause and prejudice

standard for the procedurally defaulted ineffective assistance of counsel

claim, the ineffective assistance of counsel claim cannot serve as cause for

another procedurally defaulted claim. *Id.* at 453. To show prejudice, the

petitioner must show that there is at least a reasonable probability that the

result of the proceeding would have been different had the constitutional

violation not occurred. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th

Cir. 2003).

Second, the petitioner may show that enforcing the procedural

default would result in a fundamental miscarriage of justice. *Mize*, 532 F.3d

at 1190. To show a fundamental miscarriage of justice, the petitioner must

show that in light of new evidence, no reasonable juror would have

convicted him. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

In this case, Petitioner has failed to demonstrate cause and prejudice

for the default and has also failed to demonstrate a fundamental

miscarriage of justice. Petitioner presented a lengthy *pro se* motion for

post-conviction relief. He raised issues regarding the amended information

in the motion. Nothing suggests that his failure to challenge the lack of

sworn witness testimony in either information was the result of anything

external to Petitioner. *See Coleman*, 501 U.S. at 753 ("cause" must be

something external to the petition that cannot fairly be attributed to him).

Thus, Petitioner cannot show cause for his default and the Court need not

proceed to the issue of prejudice. *See Ward v. Hall*, 592 F.3d 1144 (11th

Cir. 2010) ("It is well established that if the petitioner fails to show cause,

we need not proceed to the issue of prejudice."). Likewise, nothing

suggests that there is any new evidence that would result in a fundamental

miscarriage of justice. Accordingly, Petitioner's default on this issue cannot

be excused.

Even if Petitioner's claim regarding the lack of sworn witness

testimony in the original and amended information was not unexhausted

and procedurally defaulted, his claim is without merit. "An information

charging the commission of a felony shall be signed by the state attorney,

or a designated assistant state attorney, under oath stating his or her good

faith in instituting the prosecution and certifying that he or she has received

testimony under oath from the material witness or witnesses for the

offense." Fla. R. Crim. P. 3.140(g). There is, however, no requirement that

the information itself actually contain sworn witness testimony to properly

charge a defendant.

In this case, both the original information and amended information

were sworn to by Assistant State Attorneys ("ASA") who asserted that the

allegations in the respective informations were "based upon facts that have been sworn to as true, and which if true, would constitute the offense therein charged." (ECF No. 16-1 at 42, 55.) The ASAs further certified that the informations were "filed in good faith," and that they "received testimony under oath from the material witness or witnesses for the offense." (*Id.*) This satisfies the requirements under Rule 3.140(g). There was, therefore, no reason for Mr. Bryant to challenge the fact that neither information contained any sworn witness testimony, nor could Petitioner have been prejudiced by Mr. Bryant's failure to do so. Petitioner cannot show that Mr. Bryant rendered ineffective assistance by failing to challenge the lack of sworn witness testimony. Accordingly, ground eleven does not warrant federal habeas relief.

### *Ground Twelve: Double jeopardy*

Ground twelve asserts that Petitioner was subjected to double jeopardy because after his trial began for attempted first degree murder, he was then charged in the amended information for aggravated battery with a deadly weapon based upon the same facts. He further says that he should have been re-arraigned on the amended information. Petitioner claims that but for counsel's deficient performance he would not have entered a plea. Respondent argues that this claim is unexhausted, procedurally defaulted,

and without merit.

As an initial matter, it is unclear whether Petitioner's claim is one alleging that he was denied due process or one alleging that Mr. Bryant was ineffective for failing to object to the amended information's alleged double jeopardy effect. To the extent the claim is construed as an ineffective assistance of counsel claim, contrary to Respondent's assertion, Petitioner has exhausted this claim. Although not verbatim, Petitioner presented this claim in ground three of his Rule 3.850 motion, asserting that Mr. Bryant "rendered ineffective assistance by failing to object to amending the original information during trial." (ECF No. 16-1 at 449.) Petitioner claimed that because the jury had been sworn in, jeopardy had attached and he should have been re-arraigned. (*Id.* at 450.) Thus, he argued that Mr. Bryant rendered ineffective assistance of counsel. (Id.) The state court denied this claim on the merits, noting that Petitioner "personally approved of the amending of the Information," so "he cannot come back now and say that it was error for counsel not to object." (ECF No. 16-2 at 117.) Because the state court had an opportunity to consider the issue, Petitioner has properly exhausted his claim.

Turning to the merits of the ineffective assistance claim, Petitioner has not demonstrated that the state court's determination was

unreasonable. "[I]t is well-settled that the state may amend its information during trial, either as to substantive or non-substantive matters, unless the defendant is prejudiced thereby." *Rivera v. State*, 745 So. 2d 343, 345 (Fla. 4th DCA 1999) (citing *State v. Anderson*, 537 So. 2d 1373 (Fla. 1989); *Lackos v. State*, 339 So. 2d 217 (Fla. 1976)). Nonetheless, "a defendant waives any double jeopardy claim that affects his conviction or sentence by entering into a negotiated plea agreement wherein the defendant agrees to each crime and sentence." *Powell v. State*, 657 So. 2d 37, 38 (Fla. 5th DCA 1995) (citing *Novaton v. State*, 634 So. 2d 607 (Fla. 1994); *Blair v. State*, 805 So. 2d 873, 878 (Fla. 2d DCA 2001).

In this case, Petitioner entered a negotiated plea in which he agreed to the amended charge of aggravated assault with a deadly weapon and the fifteen-year sentence as a PRR. In doing so, Petitioner waived any double jeopardy claim he may have had. Thus, it was not unreasonable for Mr. Bryant not to challenge the amended information.

Similarly, Petitioner cannot show that he was prejudiced by Mr. Bryant's failure to challenge the amended information. *See Rivera*, 745 So. 2d at 345 (holding that the state court did not err in denying petitioner's motion for mistrial because the amended information neither added a new charge nor a substantive element of the offense, nor did petitioner

demonstrate that he was prejudiced by the change). Petitioner clearly approved to the amending of the information, as well as to the State doing so after the plea hearing. (ECF No. 16-1 at 363–64.) This renders any complaint regarding alleged double jeopardy moot. Because Petitioner has failed to demonstrate that the state court's determination was unreasonable under *Strickland*, he is not entitled to federal habeas relief.

To the extent, however, Petitioner's claim is construed as asserting that the trial court erred in denying Petitioner due process by permitting the State to file the amended information, Petitioner's claim is unexhausted and procedurally defaulted. Petitioner did not present this claim in the due process context in state court and he is precluded from doing so now.[7]

Petitioner also has not shown cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default. Nothing suggests that the failure to raise this claim in state court was attributable to anyone or anything other than Petitioner. In addition, this claim does not rest on newly discovered evidence that would render a fundamental miscarriage of justice by not excusing the procedural default. Petitioner's claim as a stand alone due process claim is, therefore, unexhausted and procedurally defaulted.

---

[7] *See supra* n.6.

Even if it were not unexhausted and procedurally defaulted, Petitioner's due process claim has no merit. As discussed previously, because Petitioner entered a negotiated plea to the amended charge and agreed to the State amending the information to charge him with aggravated battery with a deadly weapon after the plea hearing, Petitioner waived his double jeopardy claim. *See Powell*, 657 So. 2d at 38. Petitioner cannot now show that he was denied due process or prejudiced by something that he fully agreed to and approved of. Petitioner is therefore not entitled to habeas relief on ground twelve.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the

district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the Petition for a writ of habeas corpus, ECF No. 1, should be **DENIED**, and a certificate of appealability should be **DENIED**.

**DONE AND ORDERED** this 21st day of November, 2016.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**